IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gilbert McCauley,                                    Case No. 1:06 CV 1585

                 Petitioner,            MEMORANDUM OPINION
                                       AND ORDER

     -vs-
                                        JUDGE JACK ZOUHARY

Robert Jeffreys,

                 Respondent.

On June 28, 2006, Petitioner *pro se* Gilbert McCauley filed this habeas corpus action under 28 U.S.C. §2254. McCauley is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of rape and gross sexual imposition (4 counts) in April 2002. His *pro se* direct appeal was dismissed by the Ohio Court of Appeals on July 19, 2002, and no appeal was taken to the Ohio Supreme Court from that decision. His application to reopen his appeal, pursuant to Ohio App.R. 26(b), was filed more than three years later. *State v. McCauley*, No. 81328, 2005 WL 3073692 (Cuy. Cty App. Nov. 16, 2005). For the reasons stated below, this Petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. §2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition

within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

It is evident that Petitioner failed to exhaust all state remedies by his failure to appeal to the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d430, 436 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1316 (2004); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). This failure to appeal precludes federal habeas review. It is further evident on the face of the pleadings that McCauley's Petition is untimely. His 2005 application to reopen his appeal -- apparently unavailing because of its untimeliness -- cannot "retrigger" the statute of limitations for bringing a federal habeas action. *Robinson v. Moore*, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew). Further, none of the other circumstances set forth in 28 U.S.C. §2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one-year statute of limitations. Therefore, this Petition is time-barred as well.

Accordingly, the Petition is denied and this action is dismissed. Further, this Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis to issue a certificate of appealability. 28 U.S.C. §2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 29, 2006